564 P.2d 913

**The STATE of Arizona, Petitioner,**

v.

**The Honorable William E. DRUKE, Judge of the Superior Court, Pima County, Arizona, a body politic and corporate, James Ronald Bailes and Darryl Scott Phillips, Respondents.**

**No. 2 CA–CIV 2454.**

Court of Appeals of Arizona, Division 2.

Feb. 10, 1977.

Rehearing Denied March 17, 1977.

Review Denied April 5, 1977.

Stephen D. Neely, Pima County Atty. by Karen Aubrey and William R. Stevens, Jr., Deputies County Atty., Tucson, for petitioner.

Harley Kurlander, Tucson, for respondent Bailes.

Jeffrey W. Hanes, Tucson, for respondent Phillips.

HATHAWAY, Judge.

Did the respondent court abuse its discretion in granting a criminal defendant's motion to sever? Since we agree with the state that this question must be answered in the affirmative, we assume jurisdiction.

Briefly, the procedural chronology is as follows. By information filed September 15, 1976, Bailes and Phillips were jointly charged with four offenses: kidnap for rape, first degree rape, grand theft of a motor vehicle, and robbery. The information alleged that the victim of all the offenses was Susan Timulty. On October 15, 1976, Phillips filed a motion to sever defendants. On November 24, the motion was denied, the minute entry order reciting inter alia:

"The Court having considered the memoranda of law submitted by the respective parties and especially the case of *DeLuna v. United States*, 308 F.2d 140 (5th Cir. 1962) and being of the opinion that:

(1) A fair determination of guilt or innocence may be had in this case for each defendant without granting the severance; and

(2) The appropriate procedure to be adopted by the trial court in the event that one defendant testified and the other does not is to admonish not only the State but both defense counsel that no

comment regarding a defendant's failure to testify may be made."

On January 10, 1977, Phillips again filed a motion to sever which was joined in by Bailes, and on January 14, the respondent court granted the motion. The latter motion did not set forth any changed circumstances. In fact it indicated that the factual posture of the case was the same, but suggested that the rationale of *United States v. Kelly*, 349 F.2d 720 (2nd Cir. 1965) should apply rather than *DeLuna*, supra, which the respondent court had "especially" considered in denying the previous motion to sever.

■■■ Severance shall be granted upon motion of a party if it "is necessary to promote a fair determination of the guilt or innocence of any defendant of any offense . . . ." Rule 13.4(a), Rules of Criminal Procedure. It will also be granted if a court detects the presence or absence of unusual features of the crime or cases that might prejudice the defendant. *State v. Dale*, 113 Ariz. 212, 550 P.2d 83 (1976); *State v. Williams*, 108 Ariz. 382, 499 P.2d 97 (1972). The scope of our review of a trial court's granting a request for severance is limited to asking whether a clear abuse of discretion is shown. *State v. Brewer*, 26 Ariz.App. 408, 549 P.2d 188 (1976).

In his first motion to sever, Phillips urged as grounds therefor the following factors: (1) the possibility that the jury would misapply or ignore the applicable law concerning principals and find Phillips guilty by association; (2) the probability of antagonistic defenses; (3) the prejudice to Phillips if co-defendant Bailes refused to testify; and (4) the likelihood of Bailes testifying on Phillips' behalf, assuming separate trials.

■■■ We agree with the respondent court that *DeLuna* rationale does not apply here. In *DeLuna*, the court held that when counsel for one defendant would have a duty to comment on the failure of a co-defendant to take the stand because of a head-on conflict between the defendants, then severance should be granted. It appears from the disclosure materials that

Bailes' sole defense was misidentification. Phillips, on the other hand, maintains that his role, if any, was merely "passive", i. e., he was an onlooker rather than a participant. Thus we see that the defenses are tangential to one another rather than on a collision course, therefore not requiring severance. *United States v. Bolden*, 169 U.S. App.D.C. 60, 514 F.2d 1301 (1975). As to Phillips' claim that Bailes' testimony would not be available to him unless they are tried separately, the mere possibility that such testimony might be forthcoming does not require severance. *United States v. Kahn*, 381 F.2d 824 (7th Cir. 1967); *United States v. Frumento*, 405 F.Supp. 23 (E.D.Pa.1975). Finally, while the possibility of "guilt by association" exists in a joint trial, the United States Supreme Court has stated:

"This type of prejudicial effect is acknowledged to inhere in criminal practice, but it is justified on the grounds that (1) the jury is expected to follow instructions in limiting this evidence to its proper function, and (2) the convenience of trying different crimes against the same person, and connected crimes against different defendants, in the same trial is a valid governmental interest." *Spencer v. Texas*, 385 U.S. 554, 562, 87 S.Ct. 648, 653, 17 L.Ed.2d 606, 613 (1967).

■■■ In his second motion to sever, Phillips relied upon the rationale of *United States v. Kelly*, 349 F.2d 720 (2nd Cir. 1965), wherein it was held that severance was mandated under the circumstances of that case. In *Kelly*, three co-defendants were prosecuted for conspiracy to defraud the public. The court stated:

"The principal and inevitable prejudice, however, was caused by the slow but inexorable accumulation of evidence of fraudulent practices by Shuck's co-defendants Kelly and Hagen. The ingenious schemes and designs they formulated to cover their tracks as well as the shameless way in which they manipulated the market, thumbed their noses at the SEC and feathered their nests at the public expense, concealing their ill-gained

payoffs by means of organizations formed under the secrecy laws of Liechtenstein and Switzerland, must have stamped them, in the eyes of the jurors as unscrupulous swindlers of the first rank. That some of this rubbed off on Schuck we cannot doubt." 349 F.2d at 759.

*Kelly*, being a conspiracy case, presented a special problem which we do not have here. The trial was a lengthy one and there was an overwhelming accumulation of evidence against the co-conspirators. This disparity, held the Second Circuit Court of Appeals, mandated the granting of Shuck's motion for a severance. The "rub off" rationale of *Kelly* is not applicable to Phillips who, albeit his alleged conduct may not have been as reprehensible as that of Bailes, allegedly was present during the entire sequence of events and assisted Bailes in accomplishment of the charged offenses. That Phillips' role may have been only that of an aider and abettor does not require severance but would merely be a matter to be considered at the sentencing phase of the proceedings. We are of the opinion that the factors of judicial economy and the inconvenience to witnesses, particularly the victim, if separate trials are required, outweigh the "potential for prejudice" urged by Phillips.

Since there was no manifest showing of prejudice, the motion for severance should not have been granted. We therefore direct that the severance order be set aside.

HOWARD, C. J., and RICHMOND, J., concurring.