571 P.2d 291

**The STATE of Arizona, Appellee,**

v.

**Raymond Redondo MONTANO, Appellant.**

**No. 2 CA–CR 1061.**

Court of Appeals of Arizona, Division 2.

Sept. 13, 1977.

Rehearing Denied Oct. 26, 1977.

Review Denied Nov. 15, 1977.

Bruce E. Babbitt, Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Albert G. Freeman, Jr., Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant seeks reversal of a conviction for the unlawful sale of a narcotic drug in violation of A.R.S. § 36–1002.02, as amended.

He raises the following contentions on appeal:

1. The requirement that he admit the elements of the crime before asserting the defense of entrapment violates the Fifth and Sixth Amendments to the United States Constitution.

2. The trial court erred in refusing to allow his counsel to question the veniremen during voir dire examination on the defense of entrapment.

We do not find merit in either contention, and affirm.

On July 21, 1976, Agent Petropolis, an undercover agent for the Metropolitan Area Narcotics Squad, knocked on the door of a house on Tucson's south side and was greeted by appellant. Parts of the conversation that followed are disputed but not as to the critical facts. Petropolis asked appellant where he could purchase some heroin; appellant, a heroin addict for more than 30 years, agreed to take Petropolis to a house to buy the drugs; in exchange, Petropolis promised to give appellant "a taste" of the heroin for himself. Using money provided by Petropolis, appellant made the purchase and supplied the agent with two packets of heroin. Petropolis immediately placed appellant under arrest.

Following the arrest, Petropolis tried to negotiate an agreement to drop the charges against appellant if he would cooperate with the narcotics squad in efforts to apprehend a major drug dealer. When appellant

refused, the narcotics division pressed the charges.

At trial, the state made a motion in limine to exclude the conversation between Petropolis and appellant relating to the proposed agreement. Appellant opposed the motion and argued that the conversations were relevant to the defense of entrapment which he intended to raise. The procedure for raising the entrapment defense was then strongly contested and is now the central issue of this appeal.

■ In order to have a valid claim of entrapment, there must exist activity by the state in the nature of an inducement to commit a crime which the accused would not have otherwise committed, although providing the mere opportunity to commit the offense is not sufficient. *State v. McKinney,* 108 Ariz. 436, 439, 501 P.2d 378, 381 (1972). The defendant must admit the substantial elements of the crime charged before he can avail himself of the defense. *State v. Keener,* 110 Ariz. 462, 520 P.2d 510 (1974).

In support of its motion, the state argued that the conversations following the arrest were a form of plea bargaining and thus inadmissible under Criminal Rule 17.4. Further, it argued they were not relevant to the charges, and even if relevant to the question of entrapment, they were inadmissible because entrapment could not be an issue until appellant took the stand and admitted the substantial elements of the crime.

While appellant conceded the current state of the Arizona law, be argued that the law must be changed in favor of the more enlightened view taken in *United States v. Demma,* 523 F.2d 981 (9th Cir. 1975). In that case the Ninth Circuit overruled all previous cases to the contrary in order to avoid the serious constitutional problems generated by "conditioning the assertion of a defense on the defendant's yielding his presumption of innocence, his right to remain silent, and his right to have the government prove the elements of the crime beyond a reasonable doubt." 523 F.2d at 986.

■ The trial court granted the motion in limine and instructed counsel to refrain from mentioning on voir dire or in his opening statement the post-arrest conversations. The court indicated its inclination to follow Arizona authority which requires that all elements of the crime be admitted before the defense of entrapment may be argued. Following voir dire, however, the court permitted appellant to raise the question of entrapment on opening statement and throughout the trial. The record shows that appellant cross-examined Petropolis extensively as to all post-arrest negotiations; thus we see no merit in appellant's contention that his Sixth Amendment rights were violated.

Defense counsel did call appellant to the stand and question him in detail about the conversations relating to a possible agreement. Counsel then argued entrapment in his closing summation, and the trial court gave the standard jury instruction on the defense. Apparently the jury considered entrapment and rejected it.

Appellant now argues that the trial court erred in ruling that he could not assert entrapment without becoming a witness. We disagree. First, it does not appear from the record that the trial court actually required appellant to testify.

"THE COURT: . . . I'll go so far at this time as to grant the State's motion in limine and direct that no mention be made on voir dire or in opening statement but the post-arrest conversations having to do with plea negotiations or negotiations of the deal and I would also tell you it would be my inclination to rule that all the elements of entrapment must be admitted before—consistent with the Arizona authorities and that in the event you do put Mr. Montano on the stand, then he may be cross-examined respecting—

"MR. HARTMAN [appellant's counsel]: If that's the Court's ruling, it puts my position in light of the Court's ruling just now to compel Mr. Montano to take the witness stand, to raise the defense of

entrapment, but I will be compelled against what I think the better law is, the better reason is to put Mr. Montano on the witness stand to raise the defense of entrapment because the Court has precluded me from raising it without Mr. Montano taking the witness stand.

"THE COURT: I'm not going to preclude you from arguing that whatever facts may come out in the State's case in chief are sufficiently clear to make out the defense as a matter of law. I don't know that until I've heard the evidence."

■ Even if interpreted as requiring appellant to take the stand, such a ruling is not inconsistent with Arizona law. In *State v. McKinney, supra,* the court said: "A defendant who wishes to avail himself of a defense of entrapment must admit substantial elements of the crime and one who denies knowledge of the crime may not raise the defense of entrapment." 108 Ariz. 439, 501 P.2d 381. Not every choice of whether or not to testify invades the area protected by the Fifth Amendment. *See McGautha v. California,* 402 U.S. 183, 213, 91 S.Ct. 1454, 1470, 28 L.Ed.2d 711, 729 (1971).

The rationale behind requiring the defendant to admit the crime before claiming entrapment is that the defense logically assumes the commission of a crime. *State v. Vitale,* 23 Ariz.App. 37, 42, 530 P.2d 394, 399 (1975). While there is persuasive argument for a contrary view, *see United States v. Demma, supra,* we are bound by the prevailing Arizona law. Appellant argues that the Arizona rule is based in part on *United States v. Mehciz,* 437 F.2d 145 (9th Cir. 1971), *see State v. McKinney, supra,* 108 Ariz. at 439, and that *Mehciz* was overruled in 1975 by *Demma.* The latter decision, however, did not change the law of this state.[1]

■ The only other question we must address is whether the refusal to permit inquiry into entrapment on voir dire resulted in a violation of due process by foreclos-

ing the possibility of an impartial jury. We think not.

Cases cited by appellant deal with preclusion on voir dire of questions dealing with racial prejudice. *See Aldridge v. United States,* 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931); *Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d (1973). While it is clear that bias because of race could seriously hamper a jury's ability to act fairly and impartially, these cases do not mandate permission to examine the jury on entrapment.

"It is not the province of counsel on voir dire to instruct jurors on matters of law. The extent of examination must necessarily be left to the sound discretion of the trial court to determine the presence or absence of bias and prejudice." *State v. Wallace,* 83 Ariz. 220, 222, 319 P.2d 529, 530 (1957).

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

---

1. The court in *Demma* expressly disclaimed constitutional grounds as a basis for overruling earlier Ninth Circuit entrapment cases.