625 P.2d 918

The STATE of Arizona, Appellee,

v.

Abram Oakley CRUMLEY, Jr.,
Appellant.

No. 2 CA–CR 2051–2.

Court of Appeals of Arizona,
Division 2.

Nov. 17, 1980.

Rehearing Denied Dec. 10, 1980.

· Review Granted Jan. 6, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant attacks his conviction of attempted theft with prior convictions on several grounds, including a comment by the prosecutor in closing argument on his failure to testify. Although the comment followed an improper argument by defense counsel, we reverse because the prosecutor's response went too far.

During his summation defense counsel told the jury:

Ladies and gentlemen, the other unsaid and unspoken thing that you may be thinking about is as the judge will instruct you on, is the fact that Mr. Crumley did not take the witness stand. You will be instructed that the State has to prove all of its case against Mr. Crumley without his assistance and that's in our Constitution, and on the advice of counsel, that's me, if I advise him not to take the witness stand, then he has to choose about whether to do it or not.

In this case I did advise him not to take the witness stand and he did not. The reason for that being I did not believe or feel that the State has met its burden in this case.

The prosecutor objected, the court reminded the jury that what the lawyers say is not evidence, and defense counsel continued:

MR. ADDIS: I apologize. I don't mean to indicate that my opinion should have any reflection on you, but I am suggesting to you that you may find that the State may not have proven its case and that I advised Mr. Crumley not to take the witness stand.

In rebuttal the prosecutor said:

MR. CALLAHAN: Mr. Addis, remember Mr. Addis when I made the objection and what he was saying was: well, don't you fret about the defendant not testifying. I told him not to do that because my opinion was this case was defective. Do you remember Mr. Addis taking the stand? This is not a contest for the lawyers to come in and assert their personal credibility with you. This is a trial. It's a trial based on the other information contained in various exhibits.

It's absolutely improper for Mr. Addis to make any suggestion about his evaluation of the case or actions that he claims to have taken as the result of what he claimed as his evaluation. Absolutely improper for him to inject into the case his own opinions or even his false opinions, I suggest to you—

MR. ADDIS: Objection.

MR. CALLAHAN: —about the state—

THE COURT: Overruled.

MR. CALLAHAN: About the state of the evidence or the condition of the evidence, of the reason that he gave certain advice to his client.

Did you hear any witnesses testify under oath that Michael Addis told Abram Crumley not to testify or is this just something pulled out of the air for the purposes of impressing you?

MR. ADDIS: I want to object.

THE COURT: I'll ask you to disregard that argument.

MR. ADDIS: I'd like to approach the bench.

THE COURT: We'll take it up at recess.

As soon as the jury retired a motion for mistrial was argued and denied.

■ Clearly it was improper for defense counsel to argue, in any context, his personal belief that the state had failed to meet its burden of proof. Here, he told the jury his opinion was the reason why appellant had not testified. For the prosecutor in response to emphasize the impropriety of such an argument was not inappropriate.

■ The doctrine of invited error, however, is not limitless. *See State v. Cortez,* 101 Ariz. 214, 418 P.2d 370 (1966). Had the prosecutor stopped after disparaging defense counsel's unwarranted evaluation of the state's case, we would not intervene. By going further, he suggested that there was no evidence defense counsel's evaluation was the *real* reason appellant had not taken the stand. The prosecutor thus implied there was some other reason and necessarily invited the jury to speculate as to what it might have been. The resulting inferences violated the appellant's constitutional right to remain silent. *See State v. Smith,* 101 Ariz. 407, 420 P.2d 278 (1966). When one has been denied a constitutional right as essential as the right against self-incrimination, no resulting prejudice need be shown. *Id.*

Contrary to appellant's other arguments, he was not deprived of any defenses and the jury was adequately instructed. The attempted theft charge was based on appellant's claim that he owned a wedding ring taken from his home during a search that produced various items stolen in a series of burglaries. After appellant claimed ownership of the ring police located the true owner. On advice of the deputy county attorney who later prosecuted the case, they then told appellant none of the property he claimed as his would be returned unless he signed an affidavit identifying the listed items as his own.[1]

On his pretrial motion to dismiss, appellant did not present evidence of governmental overreaching denying him due process of law. His claim that he owned the ring was challenged initially and again before he signed the affidavit by a police officer who questioned him specifically each time about the difference between his initials and those on the ring. And appellant's failure to admit the substantial elements of the crime precluded an entrapment defense. *State v. Montano*, 117 Ariz. 145, 571 P.2d 291 (App.1977).

There was no error in rejecting the instructions he requested on the mental state required for conviction, since the subject was adequately covered in other instructions on the state's burden of proof and the elements of the crime.

Two final contentions refer to the prior convictions. We need not discuss the issue of recalling the jury after it had been discharged inadvertently upon the return of its verdict on the underlying crime; presumably that will not reoccur. The other issue, based on the date of the judgment of conviction of the prior offenses, has been determined adversely to appellant's position during pendency of this appeal in *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980).

Reversed and remanded.

HATHAWAY, C. J., and HOWARD, J., concur.

1. A perjury charge was dismissed by the trial court on motion for directed verdict because appellant had not been placed under oath before signing the affidavit.