657 P.2d 421

STATE of Arizona,
Appellee/Cross-appellant,

v.

John NILSEN and Anita Nilsen,
Appellants/Cross-appellees.

Nos. 1 CA–CR 5072, 1 CA–CR 5084.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 19, 1982.

Rehearing Denied Oct. 4, 1982.

Review Granted Nov. 2, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Criminal Division, and David R. Cole Asst. Attys. Gen., Phoenix, for appellee/cross-appellant.

Daniel P. Massey, Phoenix, for appellants/cross-appellees.

## OPINION

KLEINSCHMIDT, Judge.

The appellants, John and Anita Nilsen, appeal from their convictions on Counts Three and Four of the Indictment: attempted theft, class five and class four felonies respectively.

The appellants, husband and wife, were the owners of a pool hall in Scottsdale, Arizona, which John Nilsen operated, known as the House of Carom Acting through an undercover agent, officers of the Department of Public Safety and the Scottsdale Police Department negotiated with the Nilsens and in a series of incidents sold them property which the Nilsens were led to believe was stolen. The transactions occurred in the space of a week in June 1979 and the first two involved only John Nilsen. The last two transactions, the only ones for which appellants were convicted, both occurred on the same day. One of these involved the sale of a supposedly stolen camera and projector which John Nilsen negotiated for with delivery to Anita. The other, a sale of supposedly stolen T.V. sets and microwave ovens, was negotiated by Anita with delivery to John. Because of price and conversations which occurred at the time of the sales the trier of fact could have concluded that the appellants believed they were buying stolen property.

The appellants raise four issues. The first is the denial of their motion to sever their cases for trial. The appellants moved to sever because John Nilsen's only defense was entrapment and his wife's defense was lack of criminal intent. She argues that she was denied a fair trial because the jury could not give her testimony the credibility it deserved.

■ The trial court has discretion to sever when necessary to promote a fair determination of the guilt or innocence of any defendant. Rule 13.4(a), Ariz.R. Crim.P. The trial court did not abuse its discretion in denying the motion to sever. In light of the evidence John Nilsen's entrapment defense was not inconsistent with, nor antagonistic to, Anita Nilsen's defense of lack of knowledge. *See State v. Druke,* 115 Ariz. 224, 564 P.2d 913 (App.1977). This is particularly true because at no time were husband and wife present together when they dealt with the agents.

■ The appellants next claim that the trial court erred in precluding them from showing that Scottsdale police officers were engaged in a conspiracy against them and a subsequent cover up of the conspiracy. While the appellants do not say so in their brief, a review of the record shows that they contended in the trial court that the police were pawns of neighboring business owners who considered the presence of the defendants' business undesirable and were unable to close the business through the normal processes of the civil law. The appellants say that evidence of this alleged conspiracy was admissible to show bias or prejudice on the part of the police against the appellants and to demonstrate their motive to lie. Appellants claim that the trial court precluded them from cross-examining the state's witnesses on this subject. Their claim is not well taken. Counsel for the state specifically recognized the admissibility of such evidence to show bias, motive, or prejudice and the court never ruled that such was not admissible for this purpose.

The appellants claim that their efforts to cross-examine in this area were frustrated on numerous occasions by the trial court's rulings. They fail to cite a single instance where this occurred and a review of the twelve volume transcript of the three-week trial reveals no instance in which the trial court significantly or impermissibly limited the appellants' cross-examination of the witnesses against them. Counsel for the appellants was permitted, in his opening statement and closing argument, unfettered reference to the conspiracy theory and he was allowed to relate it to bias, prejudice, and motive to lie on the part of the state's witnesses.

■ The third claim of error is that the appellants were denied their right to a speedy trial in compliance with the provisions of Rule 8, Ariz.R.Crim.P. Rule 8 provides that all persons shall be tried within specified periods of time ranging from 150 days from the date of issuance of a warrant or summons to 90 days from the date of arraignment, depending upon the custody status of the person charged. Rule 8.4 excludes from such time calculations, among others, delays occasioned by or on behalf of the defendant. Delays resulting from motions to continue by the defense fall within this excluded time. *State v. Adair,* 106 Ariz. 58, 470 P.2d 671 (1970).

■ The appellants were arrested on August 3, 1979, and arraigned on August 16, 1979. While the record does not reflect how long they remained in custody, it is clear that as of the date of the arraignment John Nilsen was free on bond and Anita Nilsen had been released on her own recognizance. The trial was originally scheduled for October 3, 1979, 61 days after the date of arrest and 48 days after the date of arraignment. Thereafter, with one exception, all trial continuances were the result of motions to continue made by the appellants and are excludable under *State v. Adair.* The state obtained only one trial continuance from March 24, 1980, to April 21, 1980, a period of 28 days. No time was excludable as a result of this continuance.

From the foregoing it appears that, except for excluded time, 89 days passed between the date of defendants' arrest and the date of trial and 76 days passed from the date of arraignment to date of trial. There was therefore no violation of the provisions of Rule 8; the appellants were not denied a speedy trial and their motion to dismiss was properly denied.

Appellants' fourth and final argument is that the trial court erred in refusing to grant their due process motions to dismiss and in refusing to grant an evidentiary hearing regarding their due process defense. The appellants' argument is difficult to follow. They recognize the distinction between a due process defense based on outrageous governmental conduct (in which a defendant's predisposition is immaterial) and an entrapment defense (where predisposition is a central factor), *see United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Prarie,* 572 F.2d 1316 (9th Cir.1978), but confuse their claim by including "the generating of crimes by law-abiding citizens" as a part of the outrageous conduct they believe gives rise to a due process defense. Aside from the alleged entrapment it is unclear from appellants' brief of what outrageous conduct they complain. Apparently, it is the purported massive perjury of the police officers in reporting and testifying about their contacts with the defendants. If that is the case, such is a matter to be tested at trial on the merits of the case. The appellants have cited no authority, and we know of none, which holds that the fact that witnesses called by the state might be lying establishes some separate and distinct due process defense. If the appellants' claim is that bad motive (the supposed attempt to close their business in response to pressure from influential businessmen) was the outrageous conduct, they have cited no authority, and we know of none, to support the conclusion that such would rise to a due process defense.

■ The trial judge did not err in refusing to hold an evidentiary hearing on the point. The record shows that he patiently

and carefully reviewed the appellants' offers of proof and arguments which were vague and largely conclusory. No further hearing was necessary or desirable.

The state has filed a cross-appeal claiming that the trial court erred in instructing the jury on an entrapment defense as to John Nilsen when he did not take the witness stand and testify. We address the question despite the preceding holding because we believe a clarification of existing law as set forth in *State v. Montano*, 117 Ariz. 145, 571 P.2d 291 (App.1977) is in order.

█ It is clear in Arizona that a criminal defendant who wishes to interpose an entrapment defense must admit that he committed the elements of the crime. *State v. McKinney*, 108 Ariz. 436, 501 P.2d 378 (1972). The state relies heavily on *Montano* for the proposition that a defendant must actually take the stand and testify before he can raise the defense of entrapment. The statement to that effect in *Montano* is dicta because the trial judge in that case specifically said that he would allow the defendant to argue entrapment without testifying if the evidence justified it. Division 2 of this court merely observed that even if the trial judge's ruling were interpreted as requiring the defendant to take the stand such was not inconsistent with Arizona law.

We do not believe that the rule that one who pleads entrapment must admit the offense should be expanded. As *Montano* recognizes, some of the authorities upon which it is based have eroded. While not every circumstance which may require a defendant to make the hard choice to testify or forego a defense is impermissible, the privilege against self-incrimination should not be casually circumscribed. The whole issue has recently been thoroughly discussed in *United States v. Valencia*, 669 F.2d 37 (2d Cir.1980) where the rules followed by the different federal circuits are catalogued.

We think that the rule should be as stated in *United States v. Annese*, 631 F.2d 1041 (1st Cir.1980), where in discussing the identical question the court said:

"It is inconsistent for an accused to take the stand and deny the commission of the crime charged and then assert his right to a charge on the defense of entrapment. See *Sylvia v. United States*, 312 F.2d 145 (1st Cir.1963). However, where there is evidence of government inducement, it is not fatally inconsistent for an accused to keep silent in the hope that the jury will not find that the government has proved its case beyond a reasonable doubt, but ask that the jury be charged on the defense of entrapment if it should find the commission of the allegedly criminal acts. The law allows this much inconsistency. See *Henderson v. United States*, 237 F.2d 169, 172–173 (5th Cir.1956)."

631 F.2d at 1047.

█ Other decisions recognize this rule so long as the defendant does nothing to introduce evidence or argue in a manner inconsistent with the defense of entrapment. See *United States v. Valencia; United States v. Groessel*, 440 F.2d 602 (5th Cir.), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971). We therefore hold that a defendant who does not introduce evidence or argue in a manner which disputes or negates the establishment of the elements of the offense is not required to actually take the stand and testify in order to raise the defense of entrapment so long as the evidence produced will support an entrapment instruction.

The judgment of the trial court is affirmed.

BROOKS, Acting P.J., and MEYERSON, J., concur.