NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RHEANNON LEE CASH, *Appellant.*

No. 1 CA-CR 24-0096
FILED 01-21-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-134029-001
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kristen Reller
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

---

**C R U Z**, Judge:

¶1 Rheannon Lee Cash appeals her conviction for one count of possession or use of dangerous drugs. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In April 2020, Tempe police officers responded to a domestic disturbance call at Cash's home. When the police were called and responded a second time, Cash and her roommate were arrested for disorderly conduct.

¶3 The arresting officer asked Cash if she wanted to take any of her belongings with her to jail. Among other items, Cash requested she be allowed to take her wallet. Cash was handcuffed and seated in the back of the squad car when she told the arresting officer, without prompting, that she had "empty baggies" in her wallet. The officer searched Cash's wallet finding, in a rear zipper compartment, a baggie containing methamphetamine.

¶4 Before trial, Cash filed a motion to suppress the methamphetamine due to it being discovered during a warrantless search. Finding that the underlying facts surrounding the circumstances of the search of Cash's wallet were undisputed, the superior court denied the motion to suppress. The superior court found the inevitable discovery doctrine applied because Cash was being arrested and her wallet would have been inventoried during the booking process.

¶5 The methamphetamine was admitted at trial as an exhibit. Cash was convicted of possession of dangerous drugs and sentenced to eighteen months of supervised probation.

¶6 Cash timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

**DISCUSSION**

**¶7**      In reviewing the denial of a motion to suppress, this court limits its review to the facts considered at the suppression hearing, *State v. Blackmore*, 186 Ariz. 630, 631 (1996), viewed in the light most favorable to sustaining the superior court's ruling, *State v. Hyde*, 186 Ariz. 252, 265 (1996). We defer to the superior court's factual findings but review questions of law de novo. *See State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118 (1996).

**¶8**      For the first time, Cash argues the State failed to meet its burden because it did not offer any evidence, only the statements of counsel. If a claim of error is not raised in the trial court and raised for the first time on appeal, review is for fundamental error only. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

**¶9**      Neither party requested an evidentiary hearing nor offered evidence and Cash did not make this objection below. In its response to the motion to suppress, the State discussed the applicable Tempe Police Department Orders ("Department Orders") providing the procedures that would require Cash's wallet to be inventoried. Cash did not dispute any of the underlying facts nor the court's consideration of the Department Orders and procedures. The superior court implicitly took judicial notice of the Department Orders when ruling that the inevitable discovery doctrine applied because Cash was going into custody and "her possessions would necessarily be inventoried at jail." We may "take judicial notice of anything of which the trial court could take notice." *In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000). Although the superior court is authorized to set a suppression motion for evidentiary hearing, the court need not do so if the motion does not present a factual dispute requiring resolution through an evidentiary hearing. *See State v. Riley*, 196 Ariz. 40, 44, ¶ 8 (App. 1999); *see also State v. Nilsen*, 134 Ariz. 433, 435–36 (App. 1982). The superior court did not err by deciding the motion without hearing evidence from the State.

**¶10**      Cash also argues the superior court erred when it denied the motion to suppress because the record was insufficient for the superior court to conclude the inevitable discovery doctrine applied.

**¶11**      The federal and state constitutions protect individuals against unreasonable searches and seizures, and evidence collected in violation of these constitutional provisions is subject to suppression. U.S. Const. amend. IV; Ariz. Const. art. 2, § 8; *see also State v. Valenzuela*, 239 Ariz. 299, 302, ¶ 10 (2016). A warrantless search is permissible if it qualifies for an

exception to the warrant requirement. *Valenzuela*, 239 Ariz. at 302, ¶ 10. The inventory search is a "well-defined exception to the warrant requirement." *Illinois v. Lafayette*, 462 U.S. 640, 643 (1983). It is proper "for police to remove and list or inventory property found on the person or in the possession of an arrested person who is to be jailed." *State v. Snyder*, 240 Ariz. 551, 558, ¶ 26 (App. 2016).

¶12 Because the superior court held no evidentiary hearing, we look to the undisputed facts for and against the suppression motion. *See State v. Navarro*, 241 Ariz. 19, 20, ¶ 2 n.1 (App. 2016). The undisputed facts are that: Cash was arrested, the arresting officer asked Cash if she would like to take any personal items with her to the jail, Cash requested her wallet, Cash and the officer retrieved her wallet, while seated in the police car Cash told the officer there were empty baggies in the zipper compartment of her wallet, the officer opened the compartment and found methamphetamine.

¶13 The superior court denied the motion to suppress based on the undisputed facts and that the methamphetamine would have been inevitably discovered when Cash's possessions were inventoried. It is undisputed that Cash was being taken to jail. Department Orders state that prisoner's possessions will be searched and inventoried. Tempe Police Dep't Order 19.105, *Arresting, Transporting & Booking Prisoners*. Based on the undisputed facts, the superior court did not err in concluding the evidence at issue would have been discovered pursuant to an inventory search.

**CONCLUSION**

¶14 For the foregoing reasons, we affirm.

