657 P.2d 419

**STATE of Arizona,**
**Appellee/Cross-Appellant,**

v.

**John NILSEN and Anita Nilsen,**
**Appellants/Cross-Appellees.**

**Nos. 1 CA–CR 5084, 1 CA–CR 5072.**

Supreme Court of Arizona,
En Banc.

Jan. 4, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee/cross-appellant.

Daniel P. Massey, Phoenix, for appellants/cross-appellees.

HAYS, Justice.

John and Anita Nilsen were convicted of attempted theft. They appealed, raising four issues, all of which the Court of Appeals decided against them. 1 CA–CR 5084, 1 CA–CR 5072, consolidated. They did not file a motion for rehearing or a petition for review.

The state cross-appealed, raising one issue, and the Court of Appeals decided against the state on that issue.

The state's motion for rehearing was denied and we accepted its petition for review. We take jurisdiction pursuant to A.R.S. § 12–120.04 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19.

We approve the Court of Appeals decision insofar as it disposes of the issues raised by the Nilsens and affirms the convictions. We modify that decision as it relates to disposition of the state's cross-appeal.

 The issue we consider is whether the trial court erred in giving defendant's requested jury instruction on entrapment where defendant did not testify at trial and did not in any other manner admit the elements of the offense.

John Nilsen raised the defense of entrapment and did not testify at trial. Nilsen's lawyer offered to stipulate with the prosecution that Nilsen admitted the elements of the offense, but the prosecutor refused the stipulation. The Court of Appeals ruled that the trial court did not err in giving the instruction and went on to hold that a defendant who does not introduce evidence or argue in a manner inconsistent with the defense of entrapment is not required to take the stand and testify in order to raise the defense of entrapment so long as the evidence produced will support an entrapment instruction.

■ Our cases have consistently held that to avail himself of the defense of entrapment, a defendant must admit all the elements of the offense. *State v. McKinney,* 108 Ariz. 436, 501 P.2d 378 (1972); *State v. Montano,* 117 Ariz. 145, 571 P.2d 291 (1977). We agree that the defendant need not take the stand in order to assert the defense of entrapment, but we cannot see how one can passively admit to the elements of the offense. This admission must be made in some affirmative manner and cannot be assumed from a defendant's silence. If a defendant does not wish to take the stand, he may, for example, offer to stipulate to the admission as Nilsen did here. If, as here, the state refuses the offered stipulation, the defendant can have his admission of the elements read into evidence as was done in *State v. Mendoza,* 109 Ariz. 445 at 447, 511 P.2d 627 at 629 (1973). John Nilsen, however, sat mute and made no active admission of the elements of the offense. The trial judge was incorrect in giving the entrapment instruction.

This holding, however, does not change the result, for in spite of the fact the instruction was erroneously given, the defendant was convicted, and that conviction remains affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.