791 P.2d 1068

**The STATE of Arizona, Appellee,**

v.

**Herbert Donald ABRAMS, Appellant.**

**No. 2 CA–CR 89–0147.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 23, 1990.

Review Granted in Part and Denied in Part June 5, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Barbara A. Jarrett, Phoenix, for appellee.

Michael S. Mussman, Pima County Legal Defender by Kathleen C. DuBois, Tucson, for appellant.

## OPINION

FERNANDEZ, Chief Judge.

Appellant asks us to change the Arizona rule that requires a defendant to admit all elements of the charged offenses in order to avail himself of an entrapment defense. We refuse to do so and affirm his convictions.

Appellant was found guilty by a jury and sentenced to presumptive concurrent terms of seven years each on two counts of unlawful offer to sell a narcotic drug, one count of unlawful sale of a narcotic drug, and one count of conspiracy to sell a narcotic drug. He was sentenced to a mitigated term of nine years' imprisonment as a repetitive offender for unlawful transfer of a narcotic drug.

The charges against appellant were the result of his dealings with an undercover police officer. At trial appellant objected to the admission of two pieces of paper found at his home pursuant to a search warrant. The first was found in a jar inside a train case that was sitting on the floor of the master bedroom bathroom. The other was found in a jar inside a box underneath the sink in the master bedroom bathroom.

Appellant's defense was entrapment, and appellant did not testify. After the state rested, appellant's counsel requested that he be permitted to argue entrapment without admitting any elements of the charged crimes. As an alternative, counsel sought to admit only certain facts. The court denied both motions, and appellant then filed an "admission of elements." The convictions followed.

■ On appeal, appellant contends the trial court erred in not following the rule in *Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). He also argues that the court erred in admitting the two papers found in his house.

Under Arizona law, a defendant is not entitled to an instruction on entrapment unless he admits all the elements of the charged offense. *State v. Nilsen*, 134 Ariz. 431, 657 P.2d 419 (1983); *State v. Mendoza*, 109 Ariz. 445, 511 P.2d 627 (1973); *State v. Johnson*, 143 Ariz. 318, 693 P.2d 973 (App.1984). Clearly the court's ruling followed Arizona law. Appellant asks us to overrule Arizona law and instead to follow *Mathews*. In that case, the United States Supreme Court held that in federal criminal prosecutions in which a defendant denies one or more of the elements of an offense, he is nevertheless entitled to an entrapment instruction if there is sufficient evidence from which a reasonable jury could find entrapment.

We are not bound to follow the Supreme Court because the right involved here is not one of constitutional dimension. Arizona courts are thus free to apply established Arizona law as to the circumstances under which a defendant is entitled to an entrapment defense. We agree with the state, in any event, however, that the Arizona rule is the better rule because the federal rule tends to increase the risk of perjury.

■ Next, appellant contends the trial court erred in admitting the papers that the state contended were evidence of other drug transactions and show that appellant was predisposed to sell narcotic drugs. Both papers were found in appellant's master bathroom. The state's undercover officer testified that both contained notations that could be construed as a ledger for transactions of small amounts of drugs. Our review of the record reveals a sufficient showing to support the court's ruling. Appellant's defense of entrapment put his predisposition to sell narcotics in issue. *See State v. Lacey*, 143 Ariz. 507, 694 P.2d 795 (App.1984). We find no error.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.