NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM EUGENE DORSEY, *Appellant.*

No. 1 CA-CR 13-0862
FILED 11-4-2014

Appeal from the Superior Court in Maricopa County
No.  CR2012-143670-001
The Honorable Richard L. Nothwehr, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**H O W E,** Judge:

**¶1**   This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Defense counsel for William Eugene Dorsey has searched the record, found no arguable question of law, and requests this Court to review the record for fundamental error. *State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Dorsey was given the opportunity to file a supplemental brief in propria persona, and has done so. After reviewing the record, we affirm Dorsey's conviction and sentences for pandering.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**   On August 16, 2012, Dorsey sent a text message to a police officer who was working as an undercover prostitute to inquire about her online advertisement. Dorsey's message to the officer stated, "Join my team," and included a photo of Dorsey holding up money.

**¶3**   Dorsey then met the officer at a hotel room, where Dorsey invited the officer to join his "team" and discussed what acts she would perform as a prostitute. Dorsey also discussed traveling out of state, doing "doubles" with another prostitute, and hoped that she would earn him $200 an hour.

**¶4**   Dorsey was charged with pandering, a class five felony. The State alleged several historical non-dangerous felony convictions and aggravating circumstances. At a pretrial hearing, Dorsey moved to dismiss counsel, arguing that his attorney "doesn't know my case" and

---

[1]  This Court views the evidence in the light most favorable to sustaining the convictions and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2, 212 P.3d 11, 12 (App. 2008). This Court also resolves any conflict in the evidence in favor of sustaining the verdicts. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

"overlooked" evidence in discovery. The superior court denied Dorsey's request to dismiss counsel.

¶5 Before the end of trial, Dorsey moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20, which the superior court denied. At the close of the evidence, the superior court properly instructed the jury on the elements of the offense. The jury convicted Dorsey as charged.

¶6 The superior court conducted the sentencing hearing in compliance with Dorsey's constitutional rights and Arizona Criminal Procedure Rule 26. Finding no mitigating circumstances, the superior court sentenced Dorsey to five years imprisonment and gave him credit for 456 days of presentence incarceration.

## DISCUSSION

¶7 Dorsey raises several arguments in his supplemental brief. We review the entire record for reversible error. *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3, 270 P.3d 870, 872 (App. 2012).

¶8 Dorsey first argues that the superior court erred by denying his motion for a judgment of acquittal. We reject his claim. A motion for a judgment of acquittal may be granted only when "there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). We review de novo whether sufficient evidence supported the conviction. *State v. West*, 226 Ariz. 559 ¶ 15, 250 P.3d 1188, 1191 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 66, 796 P.2d 866, 868 (1990)). "Both direct and circumstantial evidence should be considered in determining whether substantial evidence supports a conviction." *Id.*

¶9 Here, the evidence presented at trial showed that Dorsey contacted an undercover prostitute, asking her to "join his team" in hopes of earning him $200 an hour for sex acts. This was sufficient evidence from which a rational juror could find Dorsey guilty beyond a reasonable doubt. Accordingly, the superior court therefore did not err in denying Dorsey's motion for a judgment of acquittal.

¶10 Dorsey next alleges error in sentencing. He argues that the "mitigating circumstances outweighed [the] State's aggravating circumstances, which should have qualified defendant to receive a sentence

below presumptive," and that the "[j]udge did not state on the record his reason for sentencing defendant to [the] presumptive term." A sentence within statutory limits will not be disturbed unless the trial court abused its discretion by acting arbitrarily or capriciously. *State v. Cazares*, 205 Ariz. 425, 427 ¶ 6, 72 P.3d 355, 357 (App. 2003).

¶11      In determining what sentence to impose, the superior court shall consider the "amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to justify the lesser term." A.R.S. § 13-707(F). When imposing a presumptive sentence, the superior court is not required to articulate factual findings and reasons for doing so. *State v. Winans*, 124 Ariz. 502, 504–05, 605 P.2d 904, 906–07 (App. 1979).

¶12      We find no error in Dorsey's sentence. At sentencing, the superior court found that "there are no mitigating circumstances in this matter" and sentenced Dorsey to a presumptive, five-year term with 456 days of incarceration credit. Because the superior court sentenced Dorsey to a presumptive term, it was not required to articulate its reasons for doing so. Moreover, because the superior court found neither mitigating nor aggravating circumstances, Dorsey's argument regarding the weight of the mitigating circumstances is irrelevant. Finding no error, we affirm Dorsey's sentence.

¶13      Dorsey also argues that the "[j]udge abused his discretion by not letting [Dorsey] dismiss counsel after oral argument [on] July 30, 2013." We reject this claim. "A criminal defendant has a Sixth Amendment right to representation by competent counsel." *State v. Moody*, 192 Ariz. 505, 507 ¶ 11, 968 P.2d 578, 580 (1998). A defendant is not entitled, however, to a counsel of choice or even to a meaningful relationship with his or her counsel. *Id.* The burden is on the defendant to prove a genuine irreconcilable difference with trial counsel or that there was a total breakdown in communication. *State v. Torres*, 208 Ariz. 340, 343 ¶ 8, 93 P.3d 1056, 1059 (2004). The evidence must show more than mere animosity causing loss of trust or confidence. *See State v. Paris–Sheldon*, 214 Ariz. 500, 505 ¶ 14, 154 P.3d 1046, 1051 (App. 2007) (loss of trust or confidence not sufficient to appoint new counsel). A defendant must establish that he had such a "severe and pervasive conflict with his attorney or . . . that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.* at 505 ¶ 12, 154 P.3d at 1051.

¶14      Dorsey has failed to meet his burden. Dorsey merely submitted broad and unsupported allegations at a pre-trial hearing that his

attorney "doesn't know" his case and "overlooked" evidence in discovery. Without more, those allegations did not entitle Dorsey to a substitution of counsel. Accordingly, the superior court did not err in denying Dorsey's request to dismiss counsel.

**¶15**     Dorsey also alleges prosecutorial misconduct, alleging that the State "prosecut[ed] the case without fully investigating evidence in the case, misstating Phoenix City Code, etc." "In reviewing prosecutorial misconduct, we focus on whether it affected the proceedings in such a way as to deny the defendant a fair trial." *State v. Hughes*, 193 Ariz. 72, 80 ¶ 32, 969 P.2d 1184, 1192 (1998). Having reviewed the record, we find no evidence of prosecutorial misconduct, let alone evidence that Dorsey was denied a right to a fair trial.

**¶16**     Dorsey next argues that "[i]t was entrapment when [the undercover police] officer committed crime of[] advertising as an escort without license[] to arrest [Dorsey] who [had] inquired about [the] officer's services as an escort." To claim entrapment, however, Dorsey was required to admit the substantive elements of the crime charged. A.R.S. § 13–206(A). By refusing to admit the substantive elements of pandering at trial, Dorsey rendered the defense of entrapment unavailable. *See State v. Nilsen*, 134 Ariz. 431, 432, 657 P.2d 419, 420 (1983) ("Our cases have consistently held that to avail himself of the defense of entrapment, a defendant must admit all the elements of the offense."). We therefore find no fundamental error.

**¶17**     We also summarily reject several of Dorsey's claims that have no legal basis or are based on a misapprehension of the applicable law. Specifically, we find no support for his contention that he was "denied Equal Protection of [the] law when pursing the legal business of escorting," or that the superior court lacked jurisdiction because "the evidence showed nothing but a possible Phoenix City ordinance code violation."

**¶18**     We also reject his argument that a police officer "comitted [sic] false swearing when she testified to not being in possession of a phone used in [the undercover] operation," the "[j]udge abused his discretion by denying [Dorsey's] motion to preclude late disclosed phone examination report and associated phone data," and that the officer gave "an independent recollection of events" over defense counsel's objection. Dorsey does not provide any indication where in the record we can find the relevant testimony. *See State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (insufficient argument on appeal waives claim). Finally, Dorsey raises several arguments related to the sufficiency of the evidence. Dorsey

essentially asks us to reweigh the evidence against him; this we will not do. *See State v. Haas*, 138 Ariz. 413, 419, 675 P.2d 673, 679 (1983).

**¶19**        Dorsey also raises several claims that appear to assert that his trial counsel provided ineffective assistance, namely that counsel "was insufficient," "should have [filed] a motion for [a] new trial [and mistrial]," "failed to [file] motions . . . to dismiss complaint or indictment," "refused to give him the full disclosure that the state gave him of the case," "failed to remand the case to the grand jury," and failed to let him "sign [the] State's second plea offer." Claims of ineffective assistance of counsel cannot be raised on appeal and must be raised in a post-conviction proceeding pursuant to Arizona Criminal Procedure Rule 32; we therefore do not discuss these arguments further. *See State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9, 39 P.3d 525, 527 (2002).

**¶20**        Counsel for Dorsey has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief, Dorsey's supplemental brief, and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Dorsey was represented by counsel at all stages of the proceedings and the sentence imposed was within the statutory limits. We decline to order briefing and we affirm Dorsey's convictions and sentences.

**¶21**        Upon the filing of this decision, defense counsel shall inform Dorsey of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Dorsey shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review. On the Court's own motion, we extend the time for Dorsey to file a pro per motion for reconsideration to thirty days from the date of this decision.

## CONCLUSION

¶22      For the foregoing reasons, we affirm Dorsey's conviction and sentence.