NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RICKEY LEE GORMAN, *Appellant.*

Nos. 1 CA-CR 14-0611, 1 CA-CR 14-0619
(Consolidated)
FILED 8-27-2015

---

Appeal from the Superior Court in Maricopa County
Nos.  CR2013-457819-001, CR2005-113240-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Nicole M. Abarca
*Counsel for Appellant*

Rickey Lee Gorman
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

**P O R T L E Y**, Judge:

**¶1** This is a consolidated appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Rickey Lee Gorman has searched the entire record and advised us that she has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record. Gorman was given the opportunity and has filed a supplemental brief, as well as a modified supplemental brief for our consideration.

### FACTS[1]

**¶2** Gorman was charged with failure to register as a sex offender in December 2013 in Maricopa County Superior Court No. CR 2013-457819. He rejected the plea offer at the settlement hearing, and the case was set for trial, and, after some delays, ultimately went to trial. After the State rested, Gorman requested a "judgment of acquittal under [Arizona] Rule [of Criminal Procedure ("Rule")] 20" but the trial court denied his motion. The defense rested, and the jury was provided with the final jury instructions and heard closing argument. The jury subsequently found Gorman guilty of failing to register as a sex offender.

**¶3** At the outset of the sentencing hearing, the court entered judgment that Gorman was guilty of failure to register as a sex offender and, as a result of that conviction, the court found that Gorman violated his lifetime probation in Maricopa County Superior Court No. CR 2005-113240.[2] After the court heard from the parties, Gorman was sentenced to

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

[2] Gorman was indicted in May 2005 for attempted sexual assault, a class 3 felony, kidnapping, a class 2 felony, and assault, a class 1 misdemeanor, in Maricopa County Superior Court No. CR 2005-113240. Pursuant to a plea

two and a half years in prison for failing to register and given 253 days of presentence incarceration credit, and was sentenced to a consecutive three and a half years in prison for violating probation and given 443 days of presentence incarceration.[3]

¶4        We have jurisdiction over Gorman's consolidated appeals pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[4]

## DISCUSSION

¶5        Gorman raises the following issues in his supplemental brief, as modified:  (1) ineffective assistance of counsel, including the failure to call an expert witness, failure to contact N.A.A.C.P. to appear as an amici, failing to allow Gorman to testify on his own behalf,[5] continuing to try to get Gorman to take a plea agreement when he wanted to go to trial, failing to respect confidential privilege, and preventing Gorman from notifying the court of evidence that could prove that he was not guilty;[6] (2) violation

---

agreement, he pled no contest to the amended count one, attempted sexual assault, and count two, kidnapping, both as non-dangerous and non-repetitive offenses, and the court accepted the plea.  He subsequently was sentenced to lifetime probation for the attempted sexual assault pursuant to the plea agreement, and a five year prison term for the kidnapping charge.  And as relevant, the adult probation officer filed a petition to revoke his probation in October 2013, just before his indictment for failing to register.

[3] The court also placed Gorman on lifetime probation for the attempted sexual assault charge in CR 2005-113240, but rescinded that portion of the sentence once it was clarified that Gorman had served his five year kidnapping sentence.

[4] We cite the current version of the applicable statutes absent changes material to this decision.

[5] The trial transcript reveals that the court advised Gorman that he had the right to testify as well as the right not to testify, and he told the court that "I would just actually like to exercise my right to remain silent."

[6] The trial transcript also reveals that Gorman wanted to show the court some documents, and the court advised him that he could talk with his lawyer about the documents to determine if those could be presented during the defense case.  The documents were not identified, but no documents were marked or presented for consideration by the jury.

of double jeopardy; (3) due process violations; (4) illegal waiver of rights to speedy trial; (5) prosecutorial misconduct; (6) violation of the exclusion of witness rule because the presence of all three witnesses during testimony was prejudicial to a fair trial; (7) failure to provide Gorman with exculpatory evidence during discovery; (8) entrapment; (9) insufficient evidence; (10) fabrication of documents; (11) sentencing errors; (12) duress of imprisonment; and (13) newly discovered evidence. We will address each in turn.

## A.  Ineffective Assistance of Counsel

**¶6**        Gorman first contends that his lawyer was ineffective and lists myriad ways that counsel was ineffective – whether waiving time; failing to ask the N.A.A.C.P to file an amicus brief; failing to allow Gorman to testify on his own behalf; continuing to try to get Gorman to take a plea agreement when he wanted to go to trial; failing to respect confidential privilege; and preventing Gorman from notifying the court of evidence that could prove that he was not guilty. We cannot address any of the ways counsel allegedly was ineffective because our supreme court has directed that any claim for ineffective assistance of counsel cannot be raised on direct appeal but must be raised in a separate petition for post-conviction relief under Rule 32 after the direct appeal. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, 153 P.3d 1040, 1044 (2007) (noting that "a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review"). Because Gorman can raise the ineffective assistance of counsel claim pursuant to Rule 32 with the trial court, we will not consider the items related to his list of how his lawyer may have been ineffective during the pretrial and trial process.

## B.  Waiver of Claims

**¶7**        Gorman also listed various claims without referring to the record, outlining his argument, or citing any legal citation to support his itemized argument. The undeveloped, itemized claims include: double jeopardy violations; due process violations; prosecutorial misconduct; illegal waiver of speedy trial time limits; failure to provide discovery that amounted to exculpatory information; entrapment;[7] failure to enforce the

---

[7] Even if Gorman had listed the defense of entrapment as a defense and raised it at trial, he was required to admit all the elements of the charged

invocation of the exclusion of witnesses during the trial; newly discovered evidence; sentencing errors; and duress of imprisonment. Because he itemized his arguments without referring to matters in the record, outlining his argument, or providing a citation of legal authority supporting his claims he has waived those issues and we will not address them. *State v. Cons,* 208 Ariz. 409, 416, ¶ 18, 94 P.3d 609, 616 (App. 2004); *see* Ariz. R. Crim. P. 31.13(c)(1)(vi) (argument shall contain "citations to the authorities, statutes and parts of the record relied on"); *see State v. Moody,* 208 Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004); *see also* ARCAP 13(a)(7)(B) ("For each contention, [an argument must contain] references to the record on appeal . . . , and the applicable standard of appellate review with citation to supporting legal authority."). Consequently, because Gorman only itemized his complaints and did not refer to the record or provide any legal citation to support his argument, we will only address the failure to enforce the exclusion of witness rule and the insufficiency of evidence arguments.

## C. Exclusion of Witnesses

¶8 During the 2014 trial, and while Ms. Laura Alzubi, a forensic scientist who examines latent fingerprints, was testifying, there was a short recess to allow the court to resolve matters out of the jury's presence. During that session, the court noticed that two of the State's witnesses had entered the courtroom during Alzubi's testimony. After the State identified the two witnesses, the court stated that the two witnesses were only present for Alzubi's testimony about her job description and the records she reviewed, and then determined that their entry was an "inadvertent violation of the rule." Subsequently, and after giving the defense an opportunity to add to the record, the court asked, and the witnesses left the courtroom.

¶9 Arizona Rule of Criminal Procedure Rule 9.3(a) provides that the court may "exclude prospective witnesses from the courtroom during opening statements and the testimony of other witnesses." We review the court's determination that the entry of the witnesses into the courtroom during the beginning of Alzubi's testimony was inadvertent for an abuse of discretion, but will only disturb that decision if there is a showing of prejudice. *State v. Denton*, 101 Ariz. 455, 458, 420 P.2d 930, 933 (1966); *see also State v. Hadd,* 127 Ariz. 270, 277, 619 P.2d 1047, 1054 (App. 1980) ("a

offenses before being entitled to an instruction on entrapment. *See State v. Abrams*, 164 Ariz. 185, 186, 791 P.2d 1068, 1069 (App. 1990).

mere violation of th[e] rule does not result in automatic reversal.") (internal citations omitted).

**¶10**        The trial court saw the witnesses come in, pointed it out to counsel, found that their entry was inadvertent and that they did not hear any of Alzubi's substantive testimony. The court then asked them to wait outside of the courtroom and they left the courtroom before Alzubi continued to testify. Based on the record, we find no abuse of discretion or resulting prejudice.

### D. Insufficiency of Evidence

#### 1. Rule 20 Motion

**¶11**        Although Gorman has not pointed out how the trial evidence was insufficient, we will assume that his argument is a continuation of the denial of his Rule 20 motion. We review the denial of a motion for judgment of acquittal de novo. *State v. Harm*, 236 Ariz. 402, 406, ¶ 11, 340 P.3d 1110, 1114 (App. 2015). But, we review the evidence "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997). As a result, a judgment of acquittal can only be granted "if there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). Substantial evidence is "proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (internal citation and quotation marks omitted); *see State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995).

**¶12**        Here, the State was required to prove each element of the charge of failure to register as a sex offender beyond a reasonable doubt. The State had to prove, and the court instructed the jury that it had to find beyond a reasonable doubt, that: (1) Gorman was required to register as a sex offender; (2) he moved his residence; and (3) he failed to notify the Sheriff's Office in writing and in person within seventy-two hours of moving. *See* A.R.S. § 13-3822(A).

**¶13**        Here, the jury heard from the State's witnesses, including Ms. Alzubi; Nicole Sinu, the owner of the Coronado Hotel where Gorman stayed; Nicolae Sinu, the manager of the hotel, who filled out the hotel registration card for Gorman; Lauren Guida, an adult probation officer, who was trying to locate and supervise Gorman on probation; Bertha Ceballos, a record specialist from the Sheriff's Office, who registers sex

offenders; and Phoenix Detective Lindy Steele, who tried to verify Gorman's address without success.

¶14     Gorman, by counsel, was able to cross-examine each witness, and give a closing argument summarizing all the problems with the State's case. The jury, in listening to the testimony and reviewing the evidence, had to determine the credibility of the witnesses and weigh any conflicting testimony, and, in fact, was duly instructed to take into account the witnesses' credibility. And the jury had the opportunity to observe the witnesses' memory, manner while testifying, any motive or prejudices they might have, and weigh any inconsistent statements made in light of all the evidence in the case. We do not weigh or re-weigh the evidence. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989); *State v. Williams*, 209 Ariz. 228, 231, ¶ 6, 99 P.3d 43, 46 (App. 2004) ("Although the record contains some conflicting evidence, it was for the jury to weigh the evidence and determine the credibility of the witnesses."). Consequently, because there was substantial evidence to support the jury verdict, the court did not err in denying the Rule 20 motion, and we find no basis to reverse the conviction.

## 2. **Probation Revocation**.

¶15     We review the court's determination that Gorman violated probation for an abuse of discretion. *State v. Portis*, 187 Ariz. 336, 338, 929 P.2d 687, 689 (App. 1996). To revoke an appellant's probation, the State need only establish a probation violation by a preponderance of the evidence. *State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980) (citation omitted); *State v. Vaughn*, 217 Ariz. 518, 522, ¶ 18, 176 P.3d 716, 720 (App. 2008). And we will affirm the court's finding unless that finding is arbitrary or unsupported by any theory of the evidence. *Moore,* 125 Ariz. at 306, 609 P.2d at 576.

¶16     When Gorman was placed on lifetime probation in 2006, some of the relevant terms included that he "1. [o]bey all laws[,]" as well as "22. [r]egister as a [s]ex [o]ffender if required by law." He was subsequently reinstated on probation a number of times, and the uniform conditions of supervised probation contained similar terms, including obeying all laws, as well as getting prior written approval before making any temporary or permanent changes to residence, and registering as a sex offender if required by law.

¶17 A petition to revoke his probation was filed in October 2013 alleging various terms including that Gorman failed to register as a sex offender on or about October 22, 2013, and failed to get prior approval before changing his residence. The hearing was continued and merged with the trial; and Gorman had the full protections of the Due Process Clause of the Fifth and Fourteenth Amendments during the trial. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973); *State v. Adler*, 189 Ariz. 280, 282, 942 P.2d 439, 441 (1997). Once the jury determined that Gorman failed to register as a sex offender as required by statute beyond a reasonable doubt, the State had, in essence, proven by a preponderance of the evidence that Gorman had violated probation. Because the trial evidence supported the probation violation, the court did not abuse its discretion.

### E. Fundamental Error Review

¶18 We have read and considered the opening brief and Gorman's supplemental brief, and have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We have addressed the issues we can that were raised in Gorman's supplemental arguments. We have searched the entire record for reversible error and have found none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Gorman was represented by counsel at all stages of the proceedings in both matters, the pretrial proceedings were resolved, and the sentences that were ultimately imposed were within the statutory limits.

¶19 After this decision is filed, counsel's obligation to represent Gorman in this appeal has ended. Counsel must only inform Gorman of the status of the appeal and Gorman's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Gorman may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

**CONCLUSION**

**¶20**        Accordingly, we affirm Gorman's convictions and sentences in both CR 2005-113240 and CR 2013-457819.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama