CHIEF JUSTICE BALES,
opinion of the Court:
¶ 1 Consistent with Arizona’s common law, we hold that AR.S. § 13-206(A) affords a defense of entrapment only when the defendant affirmatively admits the substantial elements of the charged offense. A defendant cannot invoke this affirmative defense merely by declining to challenge the state’s evidence, even when it includes incriminating statements made by the defendant to an undercover officer.
I.
¶2 In June 2013, an undercover police officer approached Maverick Gray at a bus *477 stop and asked if Gray could help him get some “hard,” a slang term for crack cocaine. Gray agreed to obtain twenty dollars’ worth of cocaine for a ten-dollar fee. The officer drove with Gray to an apartment complex and gave him twenty dollars; Gray left the car and returned ten minutes later with the cocaine; the officer then gave him ten dollars for the fee. Gray was arrested and charged with sale of narcotics.
¶ 3 The officer secretly recorded his conversation with Gray, who made statements such as “I’m a good person” and “I don’t usually do this.” As part of its trial evidence, the State presented the audio recording over Gray’s objection that it was unreliable. Based on his recorded statements, Gray also asked the trial court to instruct the jury on the entrapment defense recognized in A.R.S. § 13-206. As a prerequisite for this defense, the statute requires a defendant to “admit by [his] testimony or other evidence the substantial elements of the offense charged.” Concluding that Gray had not admitted these elements, the trial court refused the requested instruction. The jury found Gray guilty and the trial court sentenced him to 9.25 years in prison. The court of appeals affirmed, ruling that Gray was not entitled to an entrapment instruction because he had not admitted the substantial elements of the crime. State v. Gray, 238 Ariz. 147, 150 ¶ 12, 357 P.3d 831, 834 (App.2015).
¶ 4 We granted review because the application of the statutory entrapment defense presents a recurring issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.
II.
¶5 We here consider whether § 13-206 requires a defendant who requests a jury instruction on the entrapment defense to affirmatively admit the substantial elements of the offense and, if so, what qualifies as “other evidence” for such an admission. We review these issues de novo. See State v. King, 225 Ariz. 87, 89 ¶ 5, 235 P.3d 240, 242 (2010) (reviewing issues of statutory interpretation de novo); State v. Miller, 234 Ariz. 31, 43 ¶ 41, 316 P.3d 1219, 1231 (2013) (noting that trial court’s refusal to give a jury instruction is reviewed for abuse of discretion, but legal adequacy of instructions is reviewed de novo).
¶ 6 When a statute’s language is clear, “it controls unless an absurdity or constitutional violation results. But if the text is ambiguous, we also consider the statute’s context; its subject matter, and historical background; its effects and consequences; and its spirit and purpose,” Metzler v. BCI Coca-Cola Bottling Co. of Los Angeles, Inc. 235 Ariz. 141, 144-45 ¶ 13, 329 P.3d 1043, 1046-47 (2014) (citations and internal quotations omitted).
¶ 7 By its terms, § 13-206 requires a defendant “to admit ... the substantial elements of the offense charged.” The statute does not expressly address whether a defendant can “admit” the elements merely by not challenging the state’s evidence. Gray argues that we should construe the statute as not requiring a defendant to affirmatively admit the elements. He notes that silence can, in some contexts, be deemed an admission, and he contends that we should deem his not offering evidence to contradict his recorded statements to be an “admission” for purposes of § 13-206. We find these arguments unconvincing in light of the background to the statute’s enactment.
¶ 8 Before 1997, Arizona’s entrapment defense was a creation of the common law. This Court addressed the defense in State v. McKinney, 108 Ariz. 436, 439, 501 P.2d 378, 381 (1972), holding that “[a] defendant who wishes to avail himself of a defense of entrapment must admit the substantial elements of the crime and one who denies knowledge of the crime may not raise the defense of entrapment.” McKinney further described the requirements for a valid entrapment claim: “there has to exist activity by the State in the nature of inducement to commit a crime which the accused would not have otherwise committed, although providing the mere opportunity to commit the offense is not sufficient.” Id. (citing State v. Duplain, 102 Ariz. 100, 101, 425 P.2d 570, 571 (1967)).
¶ 9 In 1983, we reaffirmed that a defendant, in order to invoke the entrapment de *478 fense, must admit the elements of the offense. State v. Nilsen, 134 Ariz. 431, 432, 657 P.2d 419, 420 (1983). Nilsen also clarified that although a defendant “need not take the stand in order to assert the defense of entrapment,” a defendant cannot “passively admit” the elements. As alternatives to the defendant’s testifying, Nilsen noted that a defendant may stipulate to the admission or have it read into evidence. Id.
¶ 10 Five years after Nilsen, the United States Supreme Court took a different approach to the entrapment defense as a matter of federal law—holding that a defendant is not required to admit the offense’s elements in order to raise the defense. Mathews v. United States, 485 U.S. 58, 62, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). Thus, in federal court, defendants may contend both that they did not commit a charged offense and, alternatively, that their commission of the crime should be excused because they were entrapped. Id. States, however, are not required to follow Matheivs because the defense is not of “constitutional dimension.” Id. at 65, 108 S.Ct. 883, quoting United States v. Russell, 411 U.S. 423, 433, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).
¶ 11 Our Court rejected the Mathews approach in State v. Soule, 168 Ariz. 134, 137, 811 P.2d 1071, 1073 (1991). In reaffirming Nilsen by a 3-2 vote, this Court noted that “allowing] a defendant to testify as to two defenses that cannot both be true is equivalent to sanctioning a defendant’s perjury,” and “allowing inconsistent defenses may confuse the jury.” Id. at 136, 811 P.2d at 1073. Two justices vigorously disagreed, arguing in favor of the Mathews rule. Id. at 137-39, 811 P.2d at 1074-76 (Feldman, V.C.J., joined by Gordon, C.J.). The Court, however, reiterated that entrapment “is a relatively limited defense available only to defendants who have committed all the elements of a proscribed offense,” and that the defense is not available to defendants who do not testify or “otherwise present to the jury some evidence of [their] admission to the elements of the crime.” Id. Thus, our common law consistently required a defendant to affirmatively admit the elements of the crime in order to claim entrapment.
¶ 12 In 1997, the legislature codified the entrapment defense by enacting § 13-206, which provides that the defendant must “admit by testimony or other evidence the substantial elements of the offense charged.” Gray argues that the legislature, by referring to “other evidence,” intended to expand the circumstances in which a criminal defendant may “admit” the elements of a crime to include a defendant’s merely declining to challenge the state’s evidence.
¶ 13 Criminal statutes are interpreted in light of their common law antecedents, although Arizona has abolished common law crimes and defenses. See A.R.S. § 13-103(A); Engle v. State, 53 Ariz. 458, 465, 90 P.2d 988, 991 (1939). Section 13-206 does not itself reflect any intent to alter the common law requirement that a defendant affirmatively admit the elements of the offense. Moreover, the legislative fact sheet for the bill that became § 13-206 noted that “[t]he definition of entrapment is derived from the definition used in ease law,” Arizona State Senate, H.B. 2002 Fact Sheet at 1 (1997), and that the statute “requires that a defendant admit to committing the crime he or she is charged with in order to use the affirmative defense of entrapment.” Id. at 2.
¶ 14 We hold that the legislature in enacting § 13-206 generally codified the Nil-sen rule—in order to raise an entrapment defense, the accused must affirmatively admit, by testimony or other evidence, the substantial elements of the offense. (Nilsen and Soule referred interchangeably to “substantial elements” and “all elements” of the offense, and neither party here has argued that there is a difference.) Such an admission cannot be accomplished merely by the defendant passively declining to challenge the state’s evidence. But we also reject the State’s argument that, for purposes of § 13-206, “other evidence” refers only to a defendant stipulating at trial or having an admission read into evidence. In referencing these alternatives, Nilsen did not exhaustively identify the ways in which a defendant can admit the elements of a crime.
¶ 15 Nilsen contemplated an affirmative admission by a defendant’s testimony or *479 “any other manner,” 134 Ariz. at 431, 657 P.2d at 419. “Other evidence” is not limited to a post-charge admission, but instead only requires evidence of a defendant’s affirmative admission of the elements. For example, a defendant who is given Miranda warnings and makes a statement to the police could rely on his admissions to satisfy § 13-206(A), as long as the defendant does not contest the validity of the confession or raise inconsistent defenses.
¶ 16 Gray also argues that requiring a defendant to affirmatively admit the elements of a crime before claiming entrapment conflicts with the Fifth Amendment’s guarantee that “no person shall be compelled in any criminal ease to be a witness against himself.” U.S. Const, amend. V. This argument founders because entrapment is an affirmative defense—it is not a denial of an element of the offense or criminal responsibility, but instead “attempts to excuse the criminal actions acthe accused.” A.R.S. § 13-103(B). See United States v. Braver, 450 F.2d 799, 803 (2d Cir.1971) (noting that defense “does not negative any essential elements” of the crime at issue).
¶ 17 Entrapment presupposes that the defendant has committed the criminal offense charged, but “the idea of committing the offense started with law enforcement officers or their agents rather than with the person” and “the law enforcement officers or their agents urged and induced the person to commit the offense.” A.R.S. § 13-206(B)(l)-(2). See also Paul Marcus, The Entrapment Defense, § 6.02D (4th ed. 2012) (noting that federal constitution does not preclude requiring defendant to prove entrapment as an affirmative defense); cf. Dixon v. United States, 548 U.S. 1, 5-8, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006) (recognizing that Constitution allows placing burden on defendant of proving affirmative defense of duress).
¶ 18 Requiring a defendant who chooses to assert an entrapment defense to admit the elements of the charged offense does not “compel” self-incrimination. See Bueno v. Hallaban, 988 F.2d 86, 88 (9th Cir.1993) (ruling that trial court did not violate due process by following Arizona law and requiring defendant to admit all elements of offense before instructing jury on entrapment). “That the defendant faces ... a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination.” Williams v. Florida, 399 U.S. 78, 84, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) (holding that privilege against self-incrimination is not violated by requiring defendant to give notice of alibi defense and to disclose alibi witnesses); see State v. Seliskar, 35 Ohio St.2d 95, 298 N.E.2d 582, 583 (1973) (requiring defendant to offer evidence to establish self-defense does not violate privilege against self-inerimination).
¶ 19 Limiting the entrapment defense to those who choose to admit the elements of the crime also does not implicate the “unconstitutional conditions” doctrine. See Corbitt v. New Jersey, 439 U.S. 212, 218, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978) (holding that Fifth Amendment privilege was not unconstitutionally burdened by a statute making first-degree murder defendants who pleaded no contest eligible for sentence of less than life imprisonment); cf. Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 285-88, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (holding, irrespective of “unconstitutional conditions” doctrine, that Fifth Amendment privilege is not violated by state’s drawing adverse inference from defendant’s declining to testify at voluntary clemency hearing). If states can constitutionally “condition” eligibility for a reduced sentence on a defendant’s pleading guilty or no contest, which results in a conviction, there similarly is no constitutional bar to Arizona limiting the entrapment defense to defendants who admit the elements of a crime, but still retain the prospect of acquittal.
¶ 20 We turn to Gray’s argument that his recorded statements are “other evidence” sufficient to show that he affirmatively admitted the substantial elements of the charged offense. Even if we assume, without deciding, that a defendant’s recorded statements to an undercover officer could constitute “other evidence” for § 13-206(A) purposes, Gray’s argument is not convincing. He was charged with violating A.R.S. § 13- *480 3408(A)(7), which provides that “[a] person shall not knowingly ... transport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug.” Although Gray made incriminating statements in his recorded conversation, he did not affirmatively admit the substantial elements of this offense. There is a difference between a defendant admitting the commission of a crime and unwittingly inculpating himself. Moreover, although the officer asked Gray to help him obtain “some hard,” the recorded conversation alone does not prove that Gray in fact provided drugs to the officer. That Gray did not contest the officer’s testimony explaining the events captured in the audio recording does not amount to an affirmative admission.
¶ 21 Finally, we note that the dissenting opinion observes that Arizona has adopted a uniquely narrow—indeed, “draconian”—view of the entrapment defense, ¶ 25, and that Gray, unable to assert such a defense, “has been sentenced to over nine years in jail for accepting an undercover officer’s invitation to obtain twenty dollars’ worth of crack for a fee of ten dollars.” ¶ 56. As a matter of policy, we might well agree that the entrapment defense should be more widely available, but our legislature has adopted a different view in AR.S. § 13-206 by expressly limiting the defense to those who admit the elements of the crime. Gray’s sentence also reflects legislative policy judgments—he received the statutory presumptive sentence under AR.S. § 13-703(1) because he committed the offense at issue while on release after a prior conviction for a drug-related offense. Reconsidering these policy judgments is within the purview of the legislature rather than the courts.
III.
¶ 22 Because Gray did not affirmatively admit to the substantial elements of the offense charged, the trial court did not abuse its discretion in denying his requested entrapment instruction. We affirm Gray’s conviction and sentence, and we vacate the opinion of the court of appeals.